IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50941
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

WILLIAM PERRY LORD,
a/k/a Bill Lord,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-93-CR-99
- - - - - - - - - -
August 30, 1996
Before DAVIS, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

     William Perry Lord appeals his sentence and conviction for

multiple counts relating to failure to keep and maintain records,

falsifying records, and conspiring to fail to maintain records in

connection with the sale of firearms.  Having examined the

record, we determine that the trial court did not err in giving

an instruction regarding "deliberate ignorance."  The district

court correctly determined that the circumstances surrounding the

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

sale of the firearms were so overwhelmingly suspicious that Lord's failure to question the purchase allows the instruction to be given.  United States v. Lara-Velasquez, 919 F.2d, 946, 953 (5th Cir. 1990).

Lord also objects to the sentencing court's adjustment of his sentence by two levels for obstructing justice.  The court made specific findings that Lord committed perjury by adopting the findings of the Presentence Report.

Once a sentencing court finds that a defendant has committed perjury at trial, an upward adjustment is required under U.S.S.G. § 3C1.1.  United States v. Storm, 36 F.2d 1289, 1295 (5th Cir. 1994), cert. denied, 115 S. Ct. 1798 (1995).  Ample evidence in the record supports the sentencing court's finding that Lord committed perjury when he testified that he did not know that firearms he sold to a woman using the identification of Sandra Degadillo were actually being purchased by Jorge Valdez.  Therefore, any error with regard to a finding concerning Mendez' true identity was harmless.  See Williams v United States, 503 U.S. 193, 202 (1992).

AFFIRMED.